IN THE UNITED STATES DISTRICT COURT
FOR THE STATE OF MARYLAND

UNITED STATES,
Plaintiff,

                Case NO: 1:01-CR-377-ELH-1

VS.

Nacoe Ray Brown,
Defendant.
_____/

FILED ___ ENTERED ___
LOGGED ___ RECEIVED ___
FEB -3 2023
AT BALTIMORE
CLERK, U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY ___ DEPUTY

## Defendant's Petition For Writ of Habeas Corpus

Comes Now, the Defendant, Nacoe Ray Brown, (hereinafter "Defendant") by and through the undersigned, hereby moves this Honorable Court for an order granting the relief sought here in below. In Support thereof the Defendant would demonstrate the following factual grounds:

### I. Procedural Background

1. [T]he Defendant was originally arrested on or about June () 2001.

2. The Defendant was formally charged with four (4) Counts of Bank Robbery

Page 1 of 15

and one (1) Count of Aiding and Abetting.

3. The Defendant proceeded to jury trial on all Counts on or about Sept 2002.        (A:____).

4. The jury returned with its Verdit on or about Sept 2002. The jury returned Verdit as follows:

- Defendant guilty of three Counts of Bank Robbery

- Defendant guilty of aiding and abetting;

- The jury was hung as to the first (1st) Bank Robbery where in the Defendant was not found guilty (A:____).

5. Sentencing commenced on or about December 13, 2002, wherein the Defendant was sentenced as follows:
- 300 months in the Bureau of prisons;
- 60 months Supervised Released (A:____).

6. The Defendant initially filed a pro se motion for Compassinate Release, in which the office of the Federal Public Defender Supplemented on or about May 8, 2020.

7. In its order granting the Defendant Motion for Compassinate Release on or about September 25, 2020 the Court amended Its Judgment, wherein the Court Reduced This sentence.

8. This instant petition follows:

II. ARGUMENTS
- Habeas Corpus Relief -
[T]he law is Well settled that to attain habeas Corpus Relief, the petitioner must have Suffured irreable harm and no other adequate means [exist] to attain the relief he or she desires. Here, without a doubt, the petitioner ("Defendant") has met each of the afore mentioned to establish the instance Writ for habeas relief is essentially Warranted

### III. DISAPPEARANCE OF EVIDENCE

[D]uring the Defendant's jury trial, the prosecution relied solely upon the recovery of monies stolen from the alledged bank-Robbery, which totaled to a hefty amount of $38,000.00

During the deliberation, the jury panel requested to examine the monies but wasn't given the opportunity to do so without any explanation from the Court.

After the jury renderd its virdit, unbeknowst, it was revealed that the monies used as evidence in the Defendant's jury trial were stolen. This inescapably commenced a federal investigation.

### IV. INVESTIGATION

[A]lthough an investigation was commenced the Defendant's trial attorney refused to move for a mistrial on this basis alone. The investigation regarding the stolen monies commenced prior to the Defendant's sentencing hearing, one (1) year

From the Defendant's sentencing hearing, the federal investigation revealed that the prosecutor that conducted the Defendant's sentencing hearing, jury trial was one of the individuals responsible for the stolen monies. However, the prosecutor died from other cause.

Declining to keep the essential investigation open, after learning that the prosecutor was one of the individuals responsible for the stolen funds, the federal investigation was closed.

NEWLY DISCOVERED EVIDENCE:

[I] The Defendant during it's jury trial was represented by prominent Baltimore defense attorney Kenneth Ravenell. During this representation, stunning developments occurred. In context, unbeknownst, after signing a stipulated agreement with the prosecutor Jonathan Luna, that all the potential evidence existed, $38,000 vanished from evidence. The missing money commenced an open investigation by the F.B.I and other authorities. After the F.B.I and other authorities repeatedly searched for the missing monies, this investigation concluded with the former prosecutor Jonathan Luna, being the conspirator responsible for the stolen monies. Learning of this pertinent information, Attorney Ravenell declined to oral tense or through written pleadings

6 of 15

moving the Court for a motion for a [a] mistrial or a motion for a new trial. Nor did the trial attorney ask for an continueance until the investigation was officialy completed, nor did he motion () the Court to recuese all individuals that was involved in the federal Bureau investigation concerning the stolen evidence which included: trial Judge Andrew Davis, prosecutor Jonathan Luna, and his Assistant, and trial attorney Kenneth Ravenell.

## ATTORNEY KENNETH RAVENELL SENTENCED TO FEDERAL PRISON

[I] Indisputable, without a doubt, nearly seventeen years later after the Defendent's hefty sentence imposition term. The Defendant's trial attorney Kenneth Ravenell was indicted and convicted after a 16-day jury trial on or about December

7 of 15

25, 2021 for Conspiracy to Commit Money Laundering. RoDeneil was sentenced to 57 months in the Bureau of Prisons followed by 3 years of Supervised Release for his improper misconduct while an attorney. RoDeneil worked years on the Wrongside of the law with a drug kingpin. RoDeneil and now deceased former prosecutor Jonathan Luna, who was responsible for the stolen monies in the defendants case worked hand-to-hand on Luna's most dramatic and controversial cases including the defendants case. RoDeneil describes his and Luna's relationship as "Good friends" and "mentor" to each other. See Exhibits. Indeed, RoDeneil and Luna's "good friendship" and RoDeneil's recent Conviction in Federal prison seemingly explains RoDeneil's failure to make for a

mistrial or even a new trial once the essential evidence i.e., stolen monies, was declared missing. It further explains Rawenell and Luna's team work to sign a stipulated agreement that all the potential evidence existed, as it did not. Moreover, it explains the reasons the jury wasn't granted the opportunity to examine the monies as requested during deliberation in the Defendant's jury trial. Without a doubt, it's fair to say that Rawenell's and Luna's team work as "good friends" deprived the Defendant of a fair trial. See VI, US Const

In a effort to promote simplicity and fairness in newly discovered evidence claims, the re-visiting of the Defendant's entire case is unquestionably warranted to determind the nature of the ineffectiveness; and the teamwork between Rawenell and Luna to

obtain the Defendant's Convictions. This principle should remain at the root of all newly discovered evidence claims when a defendant's former trial attorney has been recently indicted and convicted for a serious crime, as here. In doing so, avoids the arbitrariness that could indisputable undermine the equal protection to the right to an effective assistance of Counsel and a fair trial under our Sixth Amendment to the United States Constitution.

- MISCARRIAGE OF JUSTICE -

Although the defendant's prior trial attorney was arrested, sentenced, and convicted in an unrelated matter, his actions without a doubt, establishes that it is likely that he played an active role in the stolen monies used to prosecute the defendant. The trial attorney never moved for a mistrial nor requested a continuation of the Defendant's sentencing hearing that was held on December 13, 2002. Additionally, for argument sake regarding trial counsel's improper actions when an attorney is convicted of such crimes, unquestionably the defendant's entire case should be re-opened and re-examined to determine whether the trial attorney's actions in its current conviction played any role in the attorney's ineffectiveness in the defendant's prosecution as it unquestionably did here.

Page 11 of 15

## V CONCLUSION

[I]n view of the record in this case, through the lens of the Defendant, the Defendant has certainly met the exacting standard of [clearly] establishing that (1) The Defendant suffered irreable harm; (2) No other adequate means [exist] to attain the relief the Defendant desires, and (3) The circumstances that has resulted in a miscarriage of justice and due process violations under our Constitution.

The Defendant has proven he has suffered irreable harm by his trial attorney Kenneth Ravenell, a criminal who disguises himself under the cloak of an officer of the court to afford himself the opportunity to steal evidence ("ie $38,000⁰⁰") depriving the Defendant a fair trial and legal representation according to the Constitution.

In similar circumstance, when the stake are high it would be in the interest of prudence and justice for this court to grant this writ for habeas corpus relief.

## VI RELIEF SOUGHT

Wherefore, the Defendant, Nacoe Ray Brown for good cause shown and in the interest of justice, respectfully request that this Court to:

(a) order the government to respond within a reasonable time fix by this Court;

(b) order the Defendant to provide a reply to the government's response within a reasonable time fix by this Court;

(c) order an evidentiary hearing for further argument(s); 1. To determine whether other evidence has been tainted, withheld, planted, or stolen.

In similar circumstance, when the stakes are high, it would be in the interest of prudence and justice for this court to grant this Writ for habeas Corpus relief.

## IV. RELIEF SOUGHT

Wherefore, the Defendant, Nacoe Ray Brown for good cause shown and in the interest of justice, respectfully request that this Court to:

(a) Order the government to respond within a reasonable time fix by this court;

(b) Order the Defendant to provide a reply to the government's response within a reasonable time fix by this court;

(c) Order an evidentiary hearing for further arguments; (1.) To determine whether other evidence has been tainted, withheld, planted or stolen.

Page 13 of 15

2) To collect all discovery from the stolen evidence investigation from all and any D.O.J. agency since 2002 until today.

3) To Determine the level of brady Violations.

4) To collect other exculpatory evidence from all D.O.J. agencies in connection to the stolen evidence investigation.

(d) After hearing further arguments from the Defendants and the government, order that the Defendants' judgment and sentence and its corresponding supervised release be set aside and or terminated based upon the aforementioned, and such other relief this Court deem just and proper.

## CERTIFICATE OF SERVICE

I Hereby Certify that a true and correct copy of the foregoing document has been furnish to the clerk of Court District of Maryland 101 West Lombard Street, Baltimore, MD 21201 and it is the original document, by placing it in the hands of jail officials for mailing by U.S. mail on Jan. 23, 2023

Wacoe Ray Brown #2201832
Orange County jail p.o. Box 4970 Orlando, FL 32802

Page 15 of 15